### 10885.   SUDDETH v. THE STATE.

LUKE, J.   1.   "Theft of articles from a warehouse platform, used for the
purpose of carrying goods into the warehouse and removing them there-
from, as well as for the temporary deposit of goods, is larceny from the
house." *Wilson* v. *State*, 9 *Ga. App.* 297 (70 S. E. 1125). The excep-
tion to the charge of the court is without merit.

2.   The evidence, though weak on the question of intent, authorized the
verdict, which has the approval of the trial judge.   For no reason
assigned was it error to overrule the motion for a new trial.

   *Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*

     DECIDED DECEMBER 12, 1919.

Indictment for larceny from house; from Chattahoochee superior
court—Judge Howard.   August 1, 1919.

From the evidence and the defendant's statement at the trial it
appeared that a large saw which he had been using in his sawmill
and had sent off to be repaired was shipped back to him by express,
C. O. D., and was on an open platform of the freight-house or
depot used by the express company at the railroad station, under
the charge of C. C. Dinkins, agent of the express company and of
the railroad company, when the defendant, with several of his
sawmill hands, went there, about six o'clock in the morning, and,
in the absence, and without the knowledge or consent, of the agent,
put the saw on a truck and carried it to his sawmill, about five
miles away.   The charges on the shipment were then unpaid.   The
agent of the express company testified that when he missed the saw
he began an investigation to see what had become of it, and several
days later he went to the defendant about it, and the defendant
"denied getting the saw," and said he did not have it and he was
going to put in a claim for it.   The agent swore out a search
warrant for the saw, it was found leaning against a tree at the saw-
mill, and the sheriff took it.   The defendant when arrested paid
the charges and costs, and the saw was turned over to him.   Another
witness testified, that he told the defendant about the agent's in-
quiries for the missing saw, and that the defendant said he did not
know anything about it, that he never had it; that he had lost a
saw and somebody owed him for it.   The defendant, in his state-
ment at the trial, said, that he went several times to the depot and
asked if his saw had come, and, every time he inquired, Mr. Dinkins
would say it had not come; that one evening he and his son found
the saw on the ground, where it had fallen from the platform, and
they put it back on the platform; that Mr. Dinkins never got there

until late in the mornings; that he needed the saw, and he did not take it with the intention of stealing it, and he had never denied getting it; when he took it he expected to pay the express company the charges on it; he "had been getting freight there and stuff there and not paying for it, and would come along afterwards and pay for it;" that where he came from he would get his freight whenever he wanted it, and go on and pay for it; the saw was his property, but at the same time he "felt like it belonged to the Southern Express Company until they got their charges out of it." Dinkins denied that the defendant had inquired of him about the saw; he testified that he had never let the defendant have any freight on a credit or "unload stuff before paying for it;" that he told the defendant's son that the saw had come; it was then on the platform leaning against the wall, and it was not on the ground; he missed it the next day or two. There was no shed or covering over the platform; it was put there for the loading and unloading of freight; the house in which freight was kept was closed up, with doors and windows.

The court charged the jury that "if articles are stolen from a warehouse or depot platform, as alleged in this indictment, and if such a platform is attached to the warehouse and part of the appurtenances belonging to that warehouse, and is used for the purpose of carrying goods into and from such warehouse or depot for the storage or temporary deposit of freight (all of which the jury shall determine from the evidence in the case), the offense would be larceny from the house." In the motion for a new trial it was alleged that the court erred in so charging.

*G. Y. Harrell,* for plaintiff in error.

*C. F. McLaughlin, solicitor-general,* contra.